UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANO GALLARDO FLORES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY<br>DETENTION FACILITY,<br><br>Respondent. | No.  1:26-cv-02789-DC-AC (HC)<br><br><br>ORDER ADOPTING IN PART FINDINGS<br>AND RECOMMENDATIONS<br><br>(ECF Nos. 11, 12) |

Petitioner, an immigration detainee proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 15, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 12.) On July 15, 2026, Respondent filed objections to the findings and recommendations, merely stating that he objects "for the reasons set forth in [his] previous pleading." (ECF No. 13.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. *See M.M. v. Bondi*, No. 1:26-cv-00813-DC-AC, 2026 WL 604200 (E.D. Cal. Mar. 4, 2026) (granting temporary restraining order and ordering bond hearing before an immigration judge for petitioner who had not received any such hearing during approximately

1

sixteen months of detention pursuant to § 1225(b)); *Nasar v. Warden*, No. 2:26-cv-00433-DC-AC, 2026 WL 731160 (E.D. Cal. Mar. 16, 2026) (granting temporary restraining order and ordering a second bond hearing before an immigration judge for petitioner where nine months had elapsed since petitioner was detained pursuant to § 1225(b) and had received such a hearing). Thus, Respondent's objections do not provide a basis upon which to reject the findings and recommendations.

Because Respondent has not made any new legal arguments and has not identified any factual or legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's petition for writ of habeas corpus (ECF No. 1) on procedural due process grounds[1] for the reasons set forth in the Findings and Recommendations. (ECF No. 12 at 15–21.) Further, consistent with this court's previous decisions, and as the magistrate judge recommended (*id.* at 21), the court finds that requiring Respondents to provide a bond hearing is the appropriate relief for the due process violation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 12) are ADOPTED IN PART;[2]

2. Petitioner Mariano Gallardo Flores's (A# 201-066-803) petition for a writ of habeas

---

[1] Because the court is granting the petition on procedural due process grounds, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

[2] The magistrate judge issued alternative recommendations (ECF No. 12 at 1, 21), and the court adopts one of them. For clarity of the record, the findings and recommendations are adopted in part only.

2

corpus (ECF No. 1), is GRANTED on procedural due process grounds as follows:

    a.   Within seven (7) days of the date of entry of this order, Respondent is ORDERED to provide Petitioner with a bond hearing before an immigration judge where Respondent bears the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight to justify his continued detention;

3. Petitioner's pending request (ECF No. 11) is DENIED as having been rendered moot by this order;

4. The Clerk of the Court is directed to serve this order on the California City Detention Facility; and

5. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:   __July 29, 2026__                       _____

                                            Dena Coggins
                                            United States District Judge